**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAXWELL HOFFMAN,

Plaintiff - Appellant,

v.

DAVID HAAS; et al.,

Defendants - Appellees.

No. 13-35428

D.C. No. 1:02-cv-00291-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Idaho state prisoner Maxwell Hoffman appeals pro se from the district

court's order denying Hoffman's motion to reconsider the district court's order

denying, for lack of subject matter jurisdiction, Maxwell's motion to compel

enforcement of the parties' settlement agreement.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review for an abuse of discretion, *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), and we affirm.

The district court did not abuse its discretion in denying Hoffman's motion to reconsider because Hoffman failed to establish grounds for such relief. *See id.* at 1263 (discussing circumstances warranting reconsideration). Contrary to Hoffman's contention, the district court lacked jurisdiction to enforce the settlement agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) (the district court lacked jurisdiction over a motion to enforce settlement following entry of a stipulated dismissal with prejudice where there was no provision in the settlement agreement retaining jurisdiction, and the settlement agreement was not incorporated into the order dismissing with prejudice).

We do not consider arguments and allegations raised for the first time on appeal or in the reply brief, including Hoffman's contentions of retaliation and denial of access to the courts. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-35428